I respectfully dissent. The majority concludes R.C. 1343.03 (B) controls the instant matter. While I agree subsection (B) may control the ultimate resolution of the matter, the record does not eliminate the possibility R.C. 1343.03(A) may apply and result ininterest accruing prior to the time established under R.C. 1343.03(B). In her June 22, 2000 Motion to Enforce Interest, appellant argues the settlement agreement was "immediately due and payable." (Motion to Enforce at 1). In direct contravention of this statement, appellee's June 27, 2000 Response to [Appellant's] Motion to Enforce Interest states: "On June 5, 2000, the first morning of trial, the parties reached an agreement to settle this matter. At that time, there was no discussion amongst the parties of a set timeframe in which the checks must be issued." (Response at 1). Neither party sets forth the terms of the settlement as entered on the record. In light of the parties conflicting positions, I find this action may be governed by R.C. 1343.03(A). The clear language of the statute provides for the imposition of interest after settlement "when money becomes due and payable." This may be before the settlement is reduced to judgment, decree or order, and filed for record with the clerk, as stated in subsection (A). This also may or may not be the date of settlement. When the money is "due and payable" is a term that may be expressly agreed upon within the context of the settlement. If the settlement agreement does not provide a date upon which the money becomes due and payable, contract law would imply a reasonable time period for such payment. Appellant failed to file a transcript documenting the terms of the settlement. As such, I cannot discern from this record when the settlement proceeds became "due and payable." However, based upon the trial court's July 2, 2000 Judgment Entry, the terms of the settlement were memorialized on the record. Accordingly, I find the trial court erred in limiting its analysis to R.C. 1343.03(B). I would reverse and remand this matter to the trial court to consider whether the money became due and payable under R.C. 1343.03(A) before June 30, 2000. I would sustain appellant's sole assignment of error.
WILLIAM B. HOFFMAN